

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANCES A.,

          Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

---

22-CV-00467-MJR
DECISION AND ORDER

    Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 12)

    Plaintiff Frances A.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 5) is granted, defendant's motion (Dkt. No. 8) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

**BACKGROUND**[2]

Plaintiff filed for DIB on June 19, 2020, alleging a disability onset date of January 1, 2018. (Administrative Transcript ["Tr."] 250-56). The application was denied initially on September 14, 2020, and upon reconsideration on November 17, 2020. (Tr. 69-76, 91-96). Plaintiff timely filed a request for an administrative hearing. (Tr. 122-35). On March 30, 2021, Administrative Law Judge ("ALJ") John J. Barry held a telephone hearing, at which Plaintiff participated, along with her non-attorney representative. (Tr. 32-63). Two medical experts and a vocational expert also testified. On May 5, 2021, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 13-38). On April 21, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

**DISCUSSION**

I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II. *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

### III. *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be March 31, 2020. (Tr. 17). At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity from January 1, 2018, the alleged onset date, through her date last insured of March 31, 2020. (Tr. 17-18). At step two, the ALJ found that Plaintiff has the following severe impairments: left brachial plexopathy and thoracic outlet syndrome with nerve damage to the left arm; and morbid obesity. (Tr. 18-20). At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20). Prior to proceeding to step four, the ALJ determined that Plaintiff retains the RFC to perform light work, as defined in 20 C.F.R. § 404.1567(b), except that she can:

> lift/carry 10 pounds frequently and 20 pounds occasionally with both hands and 10 pounds of less with the left hand. The claimant has no restrictions as to sitting, standing, or walking, but can never climb ropes, ladders, or scaffolds and should avoid unprotected heights and dangerous machinery. The claimant would be unable to reach, handle, finger, and do fine manipulation with the left arm/hand, but would have no restrictions on the use of the right arm/hand. The claimant is able to push/pull using both hands but not with the left hand alone.

(Tr. 21-24). At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work. (Tr. 24). At step five, the ALJ found that through the date last insured, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy. (Tr. 25-26). Accordingly, the ALJ determined that Plaintiff was not under a disability from January 1, 2018, the alleged onset date, through March 31, 2020, the date last insured. (Tr. 26).

IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that this case must be remanded because the ALJ erred by failing to evaluate the medical opinion of Plaintiff's treating physician, Dr. Christina F. William, M.D. The Court agrees.

On August 13, 2020, Dr. William, Plaintiff's treating physician, completed a DDD-3883 form, noting that she had treated the Plaintiff since December 2018; that Plaintiff had left hand weakness of greater than 10 years which was thought to be caused by carpal tunnel; that Plaintiff was now diagnosed with left brachial plexopathy; that Plaintiff's symptoms included left hand weakness with thenar atrophy; that cortisone injections did not provide relief; that clinical findings included left thenar atrophy with weakness of left hand; that Plaintiff's left wrist range of motion was decreased for dorsiflexion, palmar flexion, radial deviation, and ulnar deviation; and that Plaintiff underwent an EMG on January 31, 2020, showing abnormal left ulnar sensation response, and impression was left thenar trench brachial plexopathy. (Tr. 554-60). Concerning activities of daily living, Dr. William stated that Plaintiff was unable to wash dishes; required assistance doing laundry; and had difficulty lifting, pulling, and pushing with the left hand. (Tr, 559).

When determining a claimant's RFC, the Social Security regulations require that the ALJ articulate in his or her decision how persuasive he or she finds "*all of the medical opinions* and all of the prior administrative medical findings in [the] case record." 20 C.F.R. § 404.1520c (emphasis added). Here, the ALJ failed to follow the regulation by not evaluating the opinion of Dr. William in his decision.[3] He does not even mention Dr. William, much less evaluate her opinion, other than referencing the EMG findings and resulting diagnosis. (Tr. 22 (citing Tr. 557)). This was error and requires remand. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a)); *Jedadiah C. v. Comm'r of Soc. Sec.*, 2022 WL 4104007, *8 (N.D.N.Y. Sept. 8, 2022) ("The ALJ utterly failed in this obligation, in that he did not mention, much less evaluate, the opinions of Dr. Moquin"); *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, *7 (N.D.N.Y. Dec. 14, 2021); *Prieto v. Comm'r of Soc. Sec.*, 2021 WL 3475625, *14 (S.D.N.Y. Aug. 6, 2021); *Charles F. v. Comm'r of Soc. Sec.*, 2021 WL 963585, *2 (W.D.N.Y. Mar. 15, 2021); *see also Colon v. Astrue*, 2013 WL 2245457, at *11 (W.D.N.Y. May 21, 2013) (citing *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998); *Veino v. Barnhardt*, 312 F.3d 578, 588 (2d Cir.2002)). The ALJ's failure to evaluate the opinion of Dr. William makes it unclear as to how Dr. William's findings were considered, if at all, when determining the RFC or how it affected the ALJ's evaluation of Plaintiff's subjective complaints. If the ALJ needed a more specific opinion from Dr. William, he should have sought one. *See Mary D. v. Kijakazi*, 2021 WL 3910003, *9 (D. Conn. Sept. 1, 2021) (citing *Davis v. Colvin*, 2106 WL 368009, at *4 (W.D.N.Y. Feb. 1, 2016)).

---

[3] The Court notes that the defendant does not argue that Dr. William's August 13, 2020, statement did not constitute a "medical opinion" under the Social Security regulations. *See* 20 C.F.R. §§ 404.1513(a)(2), (a)(2)(i)).

Defendant offers after-the-fact rationalizations as to why the ALJ rejected or could have rejected Dr. William's opinion. However, it is not the role of the Court or the defendant to reweigh the evidence or provide *post hoc* explanations for the ALJ's evaluation of the medical opinion evidence. *See Faison v. Berryhill*, 2017 WL 3381055, *4 (W.D.N.Y. Aug. 5, 2017); *Samantha S. v. Comm'r of Soc. Sec.*, 2020 WL 2309094, *8 (N.D.N.Y. May 8, 2020) (collecting cases); *Drabczyk v. Comm'r of Soc. Sec.*, 2020 WL 4390701, *5 (W.D.N.Y. July 31, 2020). "Defendant's after-the-fact explanation as to why the ALJ rejected [the opinion] cannot serve as a substitute for the ALJ's findings." *Merkel v. Comm'r of Soc. Sec.,* 350 F. Supp. 3d 241, 249 (W.D.N.Y. 2018) (brackets added) (citing *Hall v. Colvin*, 37 F.Supp.3d 614, 626 (W.D.N.Y. 2014); *Snell*, 177 F.3d at 134)); *see also Parks v. Colvin*, 2017 WL 279558, at *4 (W.D.N.Y. Jan. 23, 2017) ("Although this might be a valid reason to discount a medical opinion, it does not mean the ALJ can ignore the opinion completely").[4]

---

[4] Plaintiff also argues that the case should be remanded because the ALJ failed to properly evaluate the medical opinions of the non-examining medical sources and treating physician Dr. Bilal Mahmood, M.D. The defendant should also consider these arguments on remand.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 5) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 8) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   November 13, 2024
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge